IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KOLADE A. OLAOYE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 3:08-CV-1611-O |
| | § | |
| LISA KEHL, Director, Dallas District | § | |
| Office, USCIS, MICHAEL | § | |
| CHERTOFF, Secretary, Department | § | |
| of Homeland Security, MICHAEL | § | |
| MUKASEY, United States Attorney | § | |
| General, | § | |
| | § | |
| Defendants, | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion to Dismiss for lack of subject-matter jurisdiction filed by Defendants' Lisa Kehl, Director, Dallas District Office, United States Citizenship and Immigration Service ("USCIS"), Michael Chertoff, Secretary, Department of Homeland Security, Michael Mukasey, United States Attorney General, collectively "Defendants"(Doc. # 4) ("Def. Mtn"), filed November 14, 2008; Petitioner's Response thereto (Doc. # 5)("Pet. Rsp."), filed December 22, 2008; and Defendants' Reply (Doc. # 7)("Def. Reply"), filed July 22, 2009.[1]

Having reviewed these filings and the applicable law, the Court finds that Defendants' Motion to Dismiss should be and hereby is **GRANTED**.

**I.**     **Background**

Petitioner Kolade Olaoye ("Petitioner") has been a lawful permanent resident of the

---

[1] Pursuant to Rule 25(d), Janet Napolitano and Eric Holder are automatically substituted for Michael Chertoff and Michael Mukasy, respectively.  FED. R. CIV. P. 25.

1

United States since February 25, 2002. Pet. Rsp. at 1.  On or about August 31, 2005, Petitioner filed an Application for Naturalization with USCIS.  Def. Mtn. at 2; Pet. Rsp. at 1. On December 20, 2005, Petitioner appeared before USCIS and was examined for citizenship in the United States. Pet. Rsp. at 2.  On September 12, 2008, Petitioner filed his Petition for Hearing pursuant to 8 U.S.C. § 1447, asking this Court to render a determination on his application for naturalization, and, in the alternative for a writ of mandamus to compel Defendants to adjudicate the Application. Def. Mtn. at 3; Pet. Rsp. at 1, 2; Original Pet. at 1.  On November 12, 2008, USCIS served a Notice to Appear in removal proceedings on Petitioner, and denied Petitioner's Naturalization Application.  Def. Mtn. at 2, 3; Pet. Rsp. at 2, 4, 5.  Removal proceedings remain pending in immigration court, with the next hearing scheduled for September 29, 2009.  Def. Reply at 3.

       Defendants now ask this Court to dismiss Petitioner's petition for lack of subject-matter jurisdiction pursuant to 8 U.S.C. § 1429.  They argue that section 1429 divests the Court of subject-matter jurisdiction because a Notice to Appear in Removal Proceedings has been issued and Petitioner currently has removal proceedings pending against him before an immigration judge. *See* Def. Mtn. at 1, 4; Def. Reply at 3.

**II.**    **Analysis**

       Under 8 U.S.C. § 1429, "no application for naturalization shall be considered . . . if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest." When removal proceedings are pending, section 1429 prevents district courts or USCIS from considering a naturalization application until the removal proceedings have been completed. *Saba-Bakare v. Chertoff*, 507 F.3d 340 (5th Cir. 2007); *Ajlani v. Chertoff*, 545 F.3d 229, 236-41

(2nd Cir. 2008); *Mahdi v. Tarango*, No. 3:08-CV-1047-BF(D), 2008 WL 5329619, at *1 (N.D. Tex. Dec. 18, 2008). Section 1429 was designed to end the race between the alien seeking to gain citizenship and the Attorney General seeking to deport him, and was accomplished by according priority to removal proceedings. *Mahdi v. Tarango*, No. 3:08-CV-1047-BF(D), 2008 WL 5329619, at *1 (N.D. Tex. Dec. 18, 2008) (citing *Shomberg v. U.S.*, 348 U.S. 540, 541 (1955)); *Ibrahim v. Dept. of Homeland Sec.*, No. Civ.A. C-05-139, 2005 WL 2230152, at *4 (S.D. Tex. Sept. 13, 2005) (citing *Zayed v. U.S.*, 368 F.3d 902, 905 (6th Cir. 2004)). This "priority provision" makes it clear that removal proceedings have priority over naturalization applications. *Mahdi*, 2008 WL 5329619, at *1; 8 U.S.C. § 1429.

In the present case, removal proceedings have been commenced against Petitioner. Because section 1429 requires the termination of the removal proceeding before a district court may consider a naturalization application, this Court lacks jurisdiction to consider Petitioner's application. As such, this case should be dismissed.

## III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion to Dismiss (Doc. # 4), and this case is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this 24th day of July, 2009.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**